UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20319-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

TAKEIA HERDER,

        Defendant.
_____/

## FACTUAL PROFFER

The United States and TAKEIA HERDER (the "Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts, which occurred in the Southern District of Florida and elsewhere:

On July 23, 2023, the Defendant and her co-defendant Schneeka Parker ("~~Herder~~" Parker) arrived at the Port of Miami in Miami, Florida, aboard the MSC Seascape Cruise Ship (the "Vessel"). From July 16, 2023 to July 23, 2023, the Vessel traveled to Grand Cayman, the Bahamas, Jamaica, and Mexico, before returning to Miami. As the Defendant and Parker waited to disembark from the Vessel, Customs and Border Protection ("CBP") officers instructed them to bring their belongings for a secondary inspection.

The Defendant brought her belongings, which included a blue suitcase. At secondary inspection, the Defendant identified the luggage as her own. The suitcase contained a dark-colored backpack. After cutting into the lining of the backpack, officers found two packages of a white powdery substance. In total, officers discovered two packages of a white powdery substance weighing approximately 2.4 kilograms in the Defendant's backpack. Subsequent laboratory

analysis confirmed the two packages contained a mixture and substance containing a detectable amount of cocaine. Officers also found packages of cocaine similarly concealed in Parker's bags.

Surveillance footage from the Vessel captured the Defendant and Parker boarding the Vessel, each carrying a dark-colored backpack. Surveillance footage shows the Defendant and Parker using these backpacks on July 16 and July 17. On July 19, 2023, the Vessel docked in Jamaica. Surveillance footage shows the Defendant and ~~Herder~~ Parker each carrying a dark-colored backpack. Later that same day, surveillance footage captures the Defendant reboarding the ship, alone, with a different dark-colored backpack and returning to her cabin. A review of surveillance footage revealed the Defendant did not carry the dark-colored backpack while on board the Vessel again. This was the same backpack the Defendant possessed during secondary inspection containing 2.4 kilograms of a mixture and substance containing a detectable amount of cocaine.

In a post-*Miranda* interview, the Defendant explained she had invited Parker on the cruise and a friend had helped pay for the cruise. The Defendant said that she and Parker had met with this same friend at a restaurant when the Vessel docked in Jamaica. The Defendant explained she had brought her backpack with her. While at the restaurant, the Defendant used the restroom and left the backpack. According to the Defendant, when she returned, the backpack was heavier.

[This Space Intentionally Left Blank]

The parties agree that these facts, which do not include all facts known to the government and the Defendant, are sufficient to prove beyond a reasonable doubt that the Defendant imported a controlled substance, specifically a mixture and substance containing a detectable amount of cocaine, into the United States, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(3).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/12/23     By: _____
                      KATHERINE W. GUTHRIE
                      ASSISTANT U.S. ATTORNEY

Date: 9/12/23     By: _____
                      ASHLEY KAY
                      ATTORNEY FOR DEFENDANT

Date: 9/12/23     By: _____
                      TAKEIA HERDER
                      DEFENDANT